1  KILPATRICK TOWNSEND & STOCKTON LLP
2  RAYMOND O. AGHAIAN (CA Bar No. 218294)
   BYRON R. CHIN (CA Bar No. 259846)
3  raghaian@kilpatricktownsend.com
4  bchin@kilpatricktownsend.com
   9720 Wilshire Blvd PH
5  Beverly Hills, CA  90212-2018
6  Telephone:  (310) 248-3830
   Facsimile:  (310) 860-0363
7

8  MICHAEL J. BRESLIN (GA Bar No. 142551)
   *Admitted Pro hac vice*
9  1100 Peachtree Street NE, Suite 2800
10 Atlanta, GA 30309
   Telephone: (404) 815-6500
11 Facsimile: (404) 815-6555
12 Email: mbreslin@kilpatricktownsend.com

13 *Attorneys for Plaintiffs*

14              **UNITED STATES DISTRICT COURT**

15        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
16
17                    **WESTERN DIVISION**

18 CRICKET WIRELESS LLC, AT&T          CASE NO. 2:18-CV-8410-DMG-AGR
19 MOBILITY, LLC, and AT&T
   INTELLECTUAL PROPERTY II,           Magistrate Judge Alicia G. Rosenberg
20 L.P.,
21
              Plaintiffs,              **STIPULATED PROTECTIVE**
22                                     **ORDER**
23        v.
24
   MR. WIRELESS WHOLESALE INC.,        Complaint Filed: 9/28/2018
25 WIRELESS ELECTRONICS USA,
   INC., JESSE BACHSIHAN, SUSAN
26 ANGELES, and DOES 1 TO 20,
27
              Defendants.
28

1         Plaintiffs Cricket Wireless LLC, AT&T Mobility, LLC and AT&T

2 Intellectual Property II, L.P. (collectively "Plaintiffs") and Defendants Mr. Wireless

3 Wholesale, Inc., Wireless Electronics USA, Inc. ("Mr. Wireless"), Jesse Bachsihan,

4 and Susan Angeles (collectively, "Defendants") hereby stipulate to and petition the

5 court to enter the following Stipulated Protective Order.

6   1.   <u>PURPOSES AND LIMITATIONS</u>

7         Disclosure and discovery activity in this action are likely to involve

8 production of confidential, proprietary, or private information for which special

9 protection from public disclosure and from use for any purpose other than

10 prosecuting this litigation may be warranted. Accordingly, the parties hereby

11 stipulate to and petition the Court to enter the following Stipulated Protective Order.

12 The parties acknowledge that this Order does not confer blanket protections on all

13 disclosures or responses to discovery and that the protection it affords from public

14 disclosure and use extends only to the limited information or items that are entitled

15 to confidential treatment under the applicable legal principles.

16   A. <u>GOOD CAUSE STATEMENT</u>

17         This action is likely to involve trade secrets, customer and pricing lists and

18 other valuable research, development, commercial, financial, technical and/or

19 proprietary information for which special protection from public disclosure and

20 from use for any purpose other than prosecution of this action is warranted. Such

21 confidential and proprietary materials and information consist of, among other

22 things, confidential business or financial information, information regarding

23 confidential business practices, or other confidential research, development, or

24 commercial information (including information implicating privacy rights of third

25 parties), information otherwise generally unavailable to the public, or which may be

26 privileged or otherwise protected from disclosure under state or federal statutes,

27 court rules, case decisions, or common law. Accordingly, to expedite the flow of

28 information, to facilitate the prompt resolution of disputes over confidentiality of

1   discovery materials, to adequately protect information the parties are entitled to keep

2   confidential, to ensure that the parties are permitted reasonable necessary uses of

3   such material in preparation for and in the conduct of trial, to address their handling

4   at the end of the litigation, and serve the ends of justice, a protective order for such

5   information is justified in this matter. It is the intent of the parties that information

6   will not be designated as confidential for tactical reasons and that nothing be so

7   designated without a good faith belief that it has been maintained in a confidential,

8   non-public manner, and there is good cause why it should not be part of the public

9   record of this case.

10   B. ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL

11          The parties further acknowledge, as set forth in Section 13.4 below, this

12   Stipulated Protective Order does not entitle the Parties to file confidential

13   information under seal; Local Civil Rule 79-5 sets forth the procedures that must be

14   followed and the standards that will be applied when a party seeks permission from

15   the court to file material under seal.

16          There is a strong presumption that the public has a right of access to judicial

17   proceedings and records in civil cases. In connection with non-dispositive motions,

18   good cause must be shown to support a filing under seal. *See Kamakana v. City and*

19   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

20   *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

21   *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

22   require good cause showing), and a specific showing of good cause or compelling

23   reasons with proper evidentiary support and legal justification, must be made with

24   respect to Protected Material that a party seeks to file under seal. The parties' mere

25   designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

26   without the submission of competent evidence by declaration, establishing that the

27   material sought to be filed under seal qualifies as confidential, privileged, or

28   otherwise protectable—constitute good cause.

1    Further, if a party requests sealing related to a dispositive motion or trial, then
2    compelling reasons, not only good cause, for the sealing must be shown, and the
3    relief sought shall be narrowly tailored to serve the specific interest to be protected.
4    *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For
5    each item or type of information, document, or thing sought to be filed or introduced
6    under seal in connection with a dispositive motion or trial, the party seeking
7    protection must articulate compelling reasons, supported by specific facts and legal
8    justification, for the requested sealing order. Again, competent evidence supporting
9    the application to file documents under seal must be provided by declaration.

10    Any document that is not confidential, privileged, or otherwise protectable in
11    its entirety will not be filed under seal if the confidential portions can be redacted. If
12    documents can be redacted, then a redacted version for public viewing, omitting
13    only the confidential, privileged, or otherwise protectable portions of the document,
14    shall be filed. Any application that seeks to file documents under seal in their
15    entirety should include an explanation of why redaction is not feasible.

16    2.    DEFINITIONS

17    2.1    Challenging Party: a Party or Non-Party that challenges the designation
18    of information or items under this Order.

19    2.2    "CONFIDENTIAL" Information or Items: information (regardless of
20    how it is generated, stored or maintained) or tangible things that qualify for
21    protection under Federal Rule of Civil Procedure 26(c), and as specified above in
22    the Good Cause Statement.

23    2.3    Counsel (without qualifier): Outside Counsel of Record and House
24    Counsel (as well as their support staff).

25    2.4    Designated House Counsel: House Counsel who seek access to
26    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this
27    matter.

28    2.5    Designating Party: a Party or Non-Party that designates information or

1   items that it produces in disclosures or in responses to discovery as

2   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3   ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

4        2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless

5   of the medium or manner in which it is generated, stored, or maintained (including,

6   among other things, testimony, transcripts, and tangible things), that are produced or

7   generated in disclosures or responses to discovery in this matter.

8        2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter

9   pertinent to the litigation who (1) has been retained by a Party or its counsel to serve

10  as an expert witness or as a consultant in this action, (2) is not a past or current

11  employee of a Party or of a Party's competitor, and (3) at the time of retention, is not

12  anticipated to become an employee of a Party or of a Party's competitor.

13       2.8   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

14  <u>Information or Items</u>: extremely sensitive "Confidential Information or Items,"

15  disclosure of which to another Party or Non-Party would create a substantial risk of

16  serious harm that could not be avoided by less restrictive means.

17       2.9   <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or</u>

18  <u>Items</u>: extremely sensitive "Confidential Information or Items" representing

19  computer code and associated comments and revision histories, formulas,

20  engineering specifications, or schematics that define or otherwise describe in detail

21  the algorithms or structure of software or hardware designs, disclosure of which to

22  another Party or Non-Party would create a substantial risk of serious harm that could

23  not be avoided by less restrictive means.

24       2.10  <u>House Counsel</u>: attorneys who are employees of a party to this action.

25  House Counsel does not include Outside Counsel of Record or any other outside

26  counsel.

27       2.11  <u>Non-Party</u>: any natural person, partnership, corporation, association, or

28  other legal entity not named as a Party to this action.

1    2.12  Outside Counsel of Record: attorneys who are not employees of a party

2    to this action but are retained to represent or advise a party to this action and have

3    appeared in this action on behalf of that party or are affiliated with a law firm which

4    has appeared on behalf of that party.

5    2.13  Party: any party to this action, including all of its officers, directors,

6    employees, consultants, retained experts, and Outside Counsel of Record (and their

7    support staffs).

8    2.14  Producing Party: a Party or Non-Party that produces Disclosure or

9    Discovery Material in this action.

10   2.15  Professional Vendors: persons or entities that provide litigation support

11   services (e.g., photocopying, videotaping, translating, preparing exhibits or

12   demonstrations, and organizing, storing, or retrieving data in any form or medium)

13   and their employees and subcontractors.

14   2.16  Protected Material: any Disclosure or Discovery Material that is

15   designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

16   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

17   2.17  Receiving Party: a Party that receives Disclosure or Discovery Material

18   from a Producing Party.

19   3.    SCOPE

20   The protections conferred by this Order cover not only Protected Material (as

21   defined above), but also (1) any information copied or extracted from Protected

22   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

23   and (3) any testimony, conversations, or presentations by Parties or their Counsel

24   that might reveal Protected Material. However, the protections conferred by this

25   Order do not cover the following information: (a) any information that is in the

26   public domain at the time of disclosure to a Receiving Party or becomes part of the

27   public domain after its disclosure to a Receiving Party as a result of publication not

28   involving a violation of this Order, including becoming part of the public record

1  through trial or otherwise; and (b) any information known to the Receiving Party

2  prior to the disclosure or obtained by the Receiving Party after the disclosure from a

3  source who obtained the information lawfully and under no obligation of

4  confidentiality to the Designating Party. Any use of Protected Material at trial shall

5  be governed by a separate agreement or order.

6  4.  DURATION

7  Even after final disposition of this litigation, the confidentiality obligations

8  imposed by this Order shall remain in effect until a Designating Party agrees

9  otherwise in writing or a court order otherwise directs. Final disposition shall be

10  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

11  or without prejudice; and (2) final judgment herein after the completion and

12  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

13  including the time limits for filing any motions or applications for extension of time

14  pursuant to applicable law.

15  5.  DESIGNATING PROTECTED MATERIAL

16  5.1  Exercise of Restraint and Care in Designating Material for Protection.

17  Each Party or Non-Party that designates information or items for protection under

18  this Order must take care to limit any such designation to specific material that

19  qualifies under the appropriate standards. To the extent it is practical to do so, the

20  Designating Party must designate for protection only those parts of material,

21  documents, items, or oral or written communications that qualify – so that other

22  portions of the material, documents, items, or communications for which protection

23  is not warranted are not swept unjustifiably within the ambit of this Order.

24  Mass, indiscriminate, or routinized designations are prohibited. Designations

25  that are shown to be clearly unjustified or that have been made for an improper

26  purpose (e.g., to unnecessarily encumber or retard the case development process or

27  to impose unnecessary expenses and burdens on other parties) expose the

28  Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

CONFIDENTIAL – SOURCE CODE") to each page that contains Protected

Material. If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s)

(e.g., by making appropriate markings in the margins) and must specify, for each

portion, the level of protection being asserted.

(b) <u>for testimony given in deposition</u> or in other pretrial or trial proceedings,

that the Designating Party identify on the record, before the close of the deposition,

hearing, or other proceeding, all protected testimony and specify the level of

protection being asserted. When it is impractical to identify separately each portion

of testimony that is entitled to protection and it appears that substantial portions of

the testimony may qualify for protection, the Designating Party may invoke on the

record (before the deposition, hearing, or other proceeding is concluded) a right to

have up to 21 days to identify the specific portions of the testimony as to which

protection is sought and to specify the level of protection being asserted. Only those

portions of the testimony that are appropriately designated for protection within the

21 days shall be covered by the provisions of this Stipulated Protective Order.

Alternatively, a Designating Party may specify, at the deposition or up to 21 days

afterwards if that period is properly invoked, that the entire transcript shall be

treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a

deposition, hearing, or other proceeding to include Protected Material so that the

other parties can ensure that only authorized individuals who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

proceedings. The use of a document as an exhibit at a deposition shall not in any

way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality within 21 days of receiving disclosure of such designation. Failure to challenge a Designating Party's confidentiality designation

1  within this 21-day period shall constitute a waiver of the right to challenge the

2  confidentiality designation.

3      6.2  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

4  resolution process under Local Civil Rule 37-1 et seq.

5      6.3  <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a

6  joint stipulation pursuant to Local Civil Rule 37-2.

7      6.4  The burden of persuasion in any such challenge proceeding shall be on

8  the Designating Party. Frivolous challenges, and those made for an improper

9  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

10  parties) may expose the Challenging Party to sanctions. Unless the Designating

11  Party has waived or withdrawn the confidentiality designation, all parties shall

12  continue to afford the material in question the level of protection to which it is

13  entitled under the Producing Party's designation until the Court rules on the

14  challenge.

15  7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

16      7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

17  disclosed or produced by another Party or by a Non-Party in connection with this

18  case only for prosecuting, defending, or attempting to settle this litigation. Such

19  Protected Material may be disclosed only to the categories of persons and under the

20  conditions described in this Order. When the litigation has been terminated, a

21  Receiving Party must comply with the provisions of section 14 below (FINAL

22  DISPOSITION).

23      Protected Material must be stored and maintained by a Receiving Party at a

24  location and in a secure manner that ensures that access is limited to the persons

25  authorized under this Order.

26      7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

27  otherwise ordered by the court or permitted in writing by the Designating Party, a

28  Receiving Party may disclose any information or item designated

"CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

1   Items. Unless otherwise ordered by the court or permitted in writing by the

2   Designating Party, a Receiving Party may disclose any information or item

3   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

4   "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

5       (a) the Receiving Party's Outside Counsel of Record in this action, as well as

6   employees of said Outside Counsel of Record to whom it is reasonably necessary to

7   disclose the information for this litigation and who have signed the

8   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

9   A;

10       (b) Designated House Counsel of the Receiving Party (1) who has no

11   involvement in competitive decision-making, (2) to whom disclosure is reasonably

12   necessary for this litigation, (3) who has signed the "Acknowledgment and

13   Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in

14   paragraph 7.4(a)(1), below, have been followed;[1]

15       (c) Experts of the Receiving Party (1) to whom disclosure is reasonably

16   necessary for this litigation, (2) who have signed the "Acknowledgment and

17   Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

18   paragraph 7.4(a)(2), below, have been followed;

19       (d) the court and its personnel;

20       (e) court reporters and their staff, professional jury or trial consultants, and

21   Professional Vendors to whom disclosure is reasonably necessary for this litigation

22   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

23   A); and

24       (f) the author or recipient of a document containing the information or a

25   custodian or other person who otherwise possessed or knew the information.

26       7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY

---

[1] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House

Counsel or Experts.

   (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

Designating Party, a Party that seeks to disclose to Designated House Counsel any

information or item that has been designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a

written request to the Designating Party that (1) sets forth the full name of the

Designated House Counsel and the city and state of his or her residence and (2)

describes the Designated House Counsel's current and reasonably foreseeable future

primary job duties and responsibilities in sufficient detail to determine if House

Counsel is involved, or may become involved, in any competitive decision-making.

   (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

Designating Party, a Party that seeks to disclose to an Expert (as defined in this

Order) any information or item that has been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make

a written request to the Designating Party that (1) identifies the general categories of

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks

permission to disclose to the Expert, (2) sets forth the full name of the Expert and

the city and state of his or her primary residence, (3) attaches a copy of the Expert's

current resume, (4) identifies the Expert's current employer(s), (5) identifies each

person or entity from whom the Expert has received compensation or funding for

work in his or her areas of expertise or to whom the expert has provided

professional services, including in connection with a litigation, at any time during

the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) pursuant to Local Civil Rules 7-3 and 37-1 to try to resolve the matter by agreement within seven days of the written objection. In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be

2   disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in

4   Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

5        (c)     Any source code produced in discovery shall be made available for

6   inspection, in a format allowing it to be reasonably reviewed and searched, during

7   normal business hours or at other mutually agreeable times, at an office of the

8   Producing Party's counsel or another mutually agreed upon location. The source

9   code shall be made available for inspection on a secured computer in a secured room

10  without Internet access or network access to other computers, and the Receiving

11  Party shall not copy, remove, or otherwise transfer any portion of the source code

12  onto any recordable media or recordable device. The Producing Party may visually

13  monitor the activities of the Receiving Party's representatives during any source

14  code review, but only to ensure that there is no unauthorized recording, copying, or

15  transmission of the source code.

16       (d) The Receiving Party may request paper copies of limited portions of

17  source code that are reasonably necessary for the preparation of court filings,

18  pleadings, expert reports, or other papers, or for deposition or trial, but shall not

19  request paper copies for the purpose of reviewing the source code other than

20  electronically as set forth in paragraph (c) in the first instance. The Producing Party

21  shall provide all such source code in paper form, including bates numbers and the

22  label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may

23  challenge the amount of source code requested in hard copy form pursuant to the

24  dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

25  Producing Party is the "Challenging Party" and the Receiving Party is the

26  "Designating Party" for purposes of dispute resolution.

27       (e) The Receiving Party shall maintain a record of any individual who has

28  inspected any portion of the source code in electronic or paper form. The Receiving

1   Party shall maintain all paper copies of any printed portions of the source code in a

2   secured, locked area. The Receiving Party shall not create any electronic or other

3   images of the paper copies and shall not convert any of the information contained in

4   the paper copies into any electronic format. The Receiving Party shall only make

5   additional paper copies if such additional copies are (1) necessary to prepare court

6   filings, pleadings, or other papers (including a testifying expert's expert report), (2)

7   necessary for deposition, or (3) otherwise necessary for the preparation of its case.

8   Any paper copies used during a deposition shall be retrieved by the Producing Party

9   at the end of each day and must not be given to or left with a court reporter or any

10   other unauthorized individual.

11   9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

12   IN OTHER LITIGATION

13        If a Party is served with a subpoena or a court order issued in other litigation

14   that compels disclosure of any information or items designated in this action as

15   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16   ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

17        (a) promptly notify in writing the Designating Party, unless expressly

18   requested not to do so by any government authority. Such notification shall include

19   a copy of the subpoena or court order;

20        (b) promptly notify in writing the party who caused the subpoena or order to

21   issue in the other litigation that some or all of the material covered by the subpoena

22   or order is subject to this Stipulated Protective Order. Such notification shall include

23   a copy of this Stipulated Protective Order; and

24        (c) cooperate with respect to all reasonable procedures sought to be pursued

25   by the Designating Party whose Protected Material may be affected.[3]

26   _____

27   [3] The purpose of imposing these duties is to alert the interested parties to the existence of this
     Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to

28   protect its confidentiality interests in the court from which the subpoena or order issued.

1    If the Designating Party timely seeks a protective order, the Party served with

2    the subpoena or court order shall not produce any information designated in this

3    action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

4    EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a

5    determination by the court from which the subpoena or order issued, unless the

6    Party has obtained the Designating Party's permission. The Designating Party shall

7    bear the burden and expense of seeking protection in that court of its confidential

8    material – and nothing in these provisions should be construed as authorizing or

9    encouraging a Receiving Party in this action to disobey a lawful directive from

10   another court.

11   10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

12   PRODUCED IN THIS LITIGATION

13        (a)   The terms of this Order are applicable to information produced by a

14   Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY

15   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

16   CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties

17   in connection with this litigation is protected by the remedies and relief provided by

18   this Order. Nothing in these provisions should be construed as prohibiting a Non-

19   Party from seeking additional protections.

20        (b)   In the event that a Party is required, by a valid discovery request, to

21   produce a Non-Party's confidential information in its possession, and the Party is

22   subject to an agreement with the Non-Party not to produce the Non-Party's

23   confidential information, then the Party shall:

24        1.   promptly notify in writing the Requesting Party and the Non-Party that

25   some or all of the information requested is subject to a confidentiality agreement

26   with a Non-Party;

27        2.   promptly provide the Non-Party with a copy of the Stipulated

28   Protective Order in this litigation, the relevant discovery request(s), and a

1    reasonably specific description of the information requested; and

2          3.    make the information requested available for inspection by the Non-
3    Party.

4          (c)    If the Non-Party fails to object or seek a protective order from this
5    court within 14 days of receiving the notice and accompanying information, the
6    Receiving Party may produce the Non-Party's confidential information responsive
7    to the discovery request. If the Non-Party timely seeks a protective order, the
8    Receiving Party shall not produce any information in its possession or control that is
9    subject to the confidentiality agreement with the Non-Party before a determination
10   by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the
11   burden and expense of seeking protection in this court of its Protected Material.

12   11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
14   Protected Material to any person or in any circumstance not authorized under this
15   Stipulated Protective Order, the Receiving Party must immediately (a) notify in
16   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
17   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
18   persons to whom unauthorized disclosures were made of all the terms of this Order,
19   and (d) request such person or persons to execute the "Acknowledgment and
20   Agreement to Be Bound" that is attached hereto as Exhibit A.

21   12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
22   PROTECTED MATERIAL

23         When a Producing Party gives notice to Receiving Parties that certain
24   inadvertently produced material is subject to a claim of privilege or other protection,
25   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

26   _____

27   [4] The purpose of this provision is to alert the interested parties to the existence of confidentiality
     rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
28   interests in this court.

1    Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

2    may be established in an e-discovery order that provides for production without

3    prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

4    as the parties reach an agreement on the effect of disclosure of a communication or

5    information covered by the attorney-client privilege or work product protection, the

6    parties may incorporate their agreement in a stipulated protective order submitted to

7    the court.

8    13.    MISCELLANEOUS

9         13.1   Right to Further Relief. Nothing in this Order abridges the right of any

10   person to seek its modification by the court in the future.

11        13.2   Right to Assert Other Objections. No Party waives any right it

12   otherwise would have to object to disclosing or producing any information or item

13   on any ground not addressed in this Stipulated Protective Order. Similarly, no Party

14   waives any right to object on any ground to use in evidence of any of the material

15   covered by this Stipulated Protective Order.

16        13.3   Export Control. Disclosure of Protected Material shall be subject to all

17   applicable laws and regulations relating to the export of technical data contained in

18   such Protected Material, including the release of such technical data to foreign

19   persons or nationals in the United States or elsewhere. The Producing Party shall be

20   responsible for identifying any such controlled technical data, and the Receiving

21   Party shall take measures necessary to ensure compliance.

22        13.4   Filing Protected Material. Without written permission from the

23   Designating Party or a court order secured after appropriate notice to all interested

24   persons, a Party may not file in the public record in this action any Protected

25   Material. A party that desires to file any Protected Material shall, prior to seeking to

26   file such materials under seal, confer with the Designating Party(ies) to determine if

27   the Designating Party's or Parties' confidentiality concerns can be addressed

28   adequately through redactions or other measures to preserve the confidentiality of

the sensitive information in such Protected Materials, and thereby obtain the

Designating Party's or Parties' permission to file such Protected Materials with such

redactions or other measures to preserve their confidentiality, which permission

shall not be unreasonably withheld. Only if no agreement can be reached for such

filing, may the Party seeking to file the Protected Materials do so under seal. A

Party that seeks to file under seal any Protected Material must comply with Local

Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court

order authorizing the sealing of the specific Protected Material at issue. If a Party's

request to file Protected Material under seal is denied by the court, then the

Receiving Party may file the information in the public record unless otherwise

instructed by the court.

14.   FINAL DISPOSITION

        Within 60 days after the final disposition of this action, as defined in Section

4 above, each Receiving Party must return all Protected Material to the Producing

Party or destroy such material. As used in this subdivision, "all Protected Material"

includes all copies, abstracts, compilations, summaries, and any other format

reproducing or capturing any of the Protected Material. Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written

certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and (2) affirms

that the Receiving Party has not retained any copies, abstracts, compilations,

summaries or any other format reproducing or capturing any of the Protected

Material. Notwithstanding this provision, Counsel are entitled to retain an archival

copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

work product, and consultant and expert work product, even if such materials

contain Protected Material. Any such archival copies that contain or constitute

1 | Protected Material remain subject to this Stipulated Protective Order as set forth in
2 | Section 4 (DURATION).

4 | SO STIPULATED, THROUGH COUNSEL OF RECORD.

6 | DATED:  February 8, 2019          Respectfully submitted,

7 |                                  KILPATRICK TOWNSEND & STOCKTON LLP

9 |                                  By:   /s/ Byron R. Chin
                                          RAYMOND O. AGHAIAN
10 |                                       BYRON R. CHIN
                                          MICHAEL J. BRESLIN
11 |                                 Attorneys for Plaintiffs
                                    CRICKET WIRELESS LLC, AT&T
12 |                                 MOBILITY, LLC, AT&T MOBILITY, LLC, and
                                    AT&T INTELLECTUAL PROPERTY II, L.P

15 | DATED:  February 8, 2019          Respectfully submitted,

16 |                                  THOMAS WHITELAW & KOLEGRAFF LLP

18 |                                  By:   /s/ James M. Whitelaw
                                          JAMES M. WHITELAW

20 |                                 Attorneys for Defendants
                                    MR. WIRELESS WHOLESALE INC.,
21 |                                 WIRELESS ELECTRONICS USA INC.,
                                    JESSE BACHSIHAN, and SUSAN ANGELES

24 | FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

26 | DATED: 2/11/2019

27 |                                  Alicia G. Rosenberg
                                    United States Magistrate Judge

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of perjury that

5  I have read in its entirety and understand the Stipulated Protective Order that was

6  issued by the United States District Court for the Central District of California on

7  _____ [date] in the case of Cricket Wireless LLC, et al. v. Mr. Wireless Wholesale

8  Inc., et al., Case No. 2:18-cv-8410-DMG-AGR. I agree to comply with and to be

9  bound by all the terms of this Stipulated Protective Order, and I understand and

10 acknowledge that failure to so comply could expose me to sanctions and punishment

11 in the nature of contempt. I solemnly promise that I will not disclose in any manner

12 any information or item that is subject to this Stipulated Protective Order to any

13 person or entity except in strict compliance with the provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court

15 for the Central District of California for the purpose of enforcing the terms of this

16 Stipulated Protective Order, even if such enforcement proceedings occur after

17 termination of this action.

18      I hereby appoint _____ [print or type full name] of

19 _____ [print or type full address and

20 telephone number] as my California agent for service of process in connection with

21 this action or any proceedings related to enforcement of this Stipulated Protective

22 Order.

23 Date: _____

24 City and State where sworn and signed: _____

25 Printed name: _____

26          [printed name]

27 Signature: _____

28          [signature]

71539380V.1

STIPULATED PROTECTIVE ORDER
CASE NO. 2:18-CV-8410-DMG-AGR